433 U.S. 347
 97 S.Ct. 2748
 53 L.Ed.2d 786
 E. C. DOTHARD et al., Appellants,
v.
Dianne RAWLINSON et al. HAZELWOOD SCHOOL DISTRICT et al., Petitioners, v. UNITED STATES.
 Nos. 76-422 and 76-255.
 Supreme Court of the United States
 June 27, 1977
 
 Mr. Justice WHITE, concurring in No. 76-255 and dissenting in 76-422.
 
 
 1
 I join the Court's opinion in Hazelwood School Dist. v. United States, No. 76-255, 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768, but with reservations with respect to the relative neglect of applicant pool data in finding a prima facie case of employment discrimination and heavy reliance on the disparity between the areawide percentage of black public school teachers and the percentage of blacks on Hazelwood's teaching staff. Since the issue is whether Hazelwood discriminated against blacks in hiring after Title VII became applicable to it in 1972, perhaps the Government should have looked initially to Hazelwood's hiring practices in the 1972-1973 and 1973-1974 academic years with respect to the available applicant pool, rather than to history and to comparative work-force statistics from other school districts. Indeed, there is evidence in the record suggesting that Hazelwood, with a black enrollment of only 2%, hired a higher percentage of black applicants than of white applicants for these two years. The Court's opinion, of course, permits Hazelwood to introduce applicant pool data on remand in order to rebut the prima facie case of a discriminatory pattern or practice. This may be the only fair and realistic allocation of the evidence burden, but arguably the United States should have been required to adduce evidence as to the applicant pool before it was entitled to its prima facie presumption. At least it might have been required to present some defensible ground for believing that the racial composition of Hazelwood's applicant pool was roughly the same as that for the school districts in the general area, before relying on comparative work-force data to establish its prima facie case.
 
 
 2
 In Dothard v. Rawlinson, No. 76-422, 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786, I have more trouble agreeing that a prima facie case of sex discrimination was made out by statistics showing that the Alabama height and weight requirements would exclude a larger percentage of women in the United States than of men. As in Hazelwood, the issue is whether there was discrimination in dealing with actual or potential applicants; but in Hazelwood there was at least a colorable argument that the racial composition of the areawide teacher work force was a reasonable proxy for the composition of the relevant applicant pool and hence that a large divergence between the percentage of blacks on the teaching staff and the percentage in the teacher work force raised a fair inference of racial discrimination in dealing with the applicant pool. In Dothard, however, I am unwilling to believe that the percentage of women applying or interested in applying for jobs as prison guards in Alabama approximates the percentage of women either in the national or state population. A plaintiff could, of course, show that the composition of the applicant pool was distorted by the exclusion of nonapplicants who did not apply because of the allegedly discriminatory job requirement. But no such showing was made or even attempted here; and although I do not know what the actual fact is, I am not now convinced that a large percentage of the actual women applicants, or of those who are seriously interested in applying, for prison guard positions would fail to satisfy the height and weight requirements. Without a more satisfactory record on this issue, I cannot conclude that appellee Rawlinson has either made out a prima facie case for the invalidity of the restrictions or otherwise proved that she was improperly denied employment as a prison guard. There being no showing of discrimination, I do not reach the question of justification; nor, since she does not meet the threshold requirements for becoming a prison guard, need I deal with the gender-based requirements for contact positions. I dissent from the Court's judgment in Dothard insofar as it affirms the judgment of the District Court.